UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

HENRY POWELL DENKINS,

      Petitioner,

v.                                   Case No. 3:22-cv-325-MMH-LLL

SECRETARY, FLORIDA
DEPARTMENT OF CORRECTIONS,
et al.,

      Respondents.

_____

## ORDER

### I. Status

Petitioner Henry Powell Denkins, an inmate of the Florida penal system, initiated this action on March 18, 2022,[1] by filing a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 (Petition; Doc. 1)[2] with a memorandum of law (Doc. 2). In the Petition, Denkins challenges a 2017 state court (Duval County, Florida) judgment of conviction for sexual battery. He raises four grounds for relief. See Petition at 7–15. Respondents have submitted a memorandum in opposition to the Petition, arguing that the action is untimely. See Respondent's Motion to Dismiss Petition for Writ of Habeas Corpus (Response;

---

[1] See Houston v. Lack, 487 U.S. 266, 276 (1988) (mailbox rule).

[2] For purposes of reference to pleadings and exhibits, the Court will cite the document page numbers assigned by the Court's electronic docketing system.

Doc. 5). They also submitted exhibits. <u>See</u> Docs. 5-1 through 5-20. Denkins did

not file a brief in reply, and briefing closed on January 18, 2023. <u>See</u> Order

(Doc. 6). This action is ripe for review.

## II. One-Year Limitations Period

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA)

imposes a one-year statute of limitations on petitions for writ of habeas

corpus. Specifically, 28 U.S.C. § 2244 provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
>> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>
>> (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

2

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

## III. Analysis

Respondents contend that Denkins has not complied with the one-year period of limitations set forth in 28 U.S.C. § 2244(d). See Response at 4. The following procedural history is relevant to the one-year limitations issue. On April 2, 2015, the State of Florida charged Denkins by information with three counts of sexual battery. Doc. 5-1. Denkins proceeded to a trial, and on October 21, 2016, a jury found him guilty on all counts. Doc. 5-2. On January 6, 2017, the circuit court sentenced Denkins to concurrent twenty-five-year terms of imprisonment followed by five years on sex offender probation. Doc. 5-4 at 5–6. The circuit court also adjudicated Denkins a sexual predator. Id. at 7.

3

The First District Court of Appeal (First DCA) per curiam affirmed Denkins's conviction and sentence without a written opinion on May 2, 2018, Doc. 5-8 at 3, and issued the mandate on May 23, 2018, id. at 2. On May 16, 2018, Denkins filed a pro se motion for extension of time "to file a motion for clarification or other appropriate motion." Doc. 5-10 at 2. On May 30, 2018, Denkins's appellate counsel filed a motion to withdraw the mandate, to withdraw as counsel of record, and to extend the time for Denkins to file a motion for rehearing. Doc. 5-9. The First DCA denied both motions on June 18, 2018. Doc. 5-11; see also Denkins v. State, Case No. 1D17-262 (Fla. 1st DCA).

As Denkins's conviction and sentence became final after the effective date of AEDPA, his Petition is subject to the one-year limitations period. See 28 U.S.C. § 2244(d)(1). Because Florida law does not permit the Florida Supreme Court to review an affirmance without an opinion, see Florida Rule of Appellate Procedure 9.030(a)(2), Denkins's conviction and sentence became final when the time for filing a petition for certiorari review in the United States Supreme Court expired. See Chamblee v. Florida, 905 F.3d 1192, 1198 (11th Cir. 2018). The time for Denkins to file a petition for writ of certiorari

4

expired on Monday, September 17, 2018 (ninety days after June 18, 2018).[3] See Chavers v. Sec'y, Fla. Dep't of Corr., 468 F.3d 1273, 1275 (11th Cir. 2006) (affording the 90-day grace period to a Florida petitioner whose conviction was affirmed by a court of appeal in an unelaborated per curiam decision). Accordingly, Denkins had until September 17, 2019, to file a federal habeas petition. He did not file his Petition until March 18, 2022. Therefore, the Petition is due to be dismissed as untimely unless he can avail himself of the statutory provisions which extend or toll the limitations period.

The one-year limitations period began to run on September 18, 2018, and ran for 239 days until May 15, 2019, when Denkins filed a petition for writ of habeas corpus alleging ineffective assistance of appellate counsel. Doc. 5-12. Unpersuaded, the First DCA denied his petition on the merits on November 13, 2019, Doc. 5-13, and denied his motion for rehearing on January 17, 2020, Doc. 5-14.

The one-year limitations period began to run again the next day, January 18, 2020, and ran for 97 days until April 24, 2020, when Denkins filed

---

[3] In the Response, "rather than calculate the final date from the opinion's date, [and] for purposes of narrowing issues," Respondents assume the 90-day period begins to run from the date that the First DCA denied the motions for extension of time to seek rehearing. Response at 5 n.2. The Court also gives Denkins the benefit of this assumption.

a motion for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850. Doc. 5-15 at 5–17. The circuit court denied relief. <u>Id.</u> at 29–35. On August 31, 2021, the First DCA per curiam affirmed the circuit court's denial of relief, Doc. 5-20 at 3, and on January 10, 2022, it issued the mandate, <u>id.</u> at 2. As such, the one-year limitations period began to run on January 11, 2022. The period ran for 29 days until it expired on Tuesday, February 8, 2022. Denkins filed the instant Petition on March 18, 2022. Given the record, Denkins's Petition is untimely filed and due to be dismissed unless he can establish that equitable tolling of the statute of limitations is warranted.

"When a prisoner files for habeas corpus relief outside the one-year limitations period, a district court may still entertain the petition if the petitioner establishes that he is entitled to equitable tolling." <u>Damren v. Florida</u>, 776 F.3d 816, 821 (11th Cir. 2015). The United States Supreme Court has established a two-prong test for the application of equitable tolling, stating that a petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." <u>Holland v. Florida</u>, 560 U.S. 631, 649 (2010) (quotations and citation omitted); <u>Thomas v. Att'y Gen.</u>, 992 F.3d 1162, 1179 (11th Cir. 2021).

As an extraordinary remedy, equitable tolling is "limited to rare and exceptional circumstances and typically applied sparingly." Thomas, 992 F.3d at 1179 (quotations and citation omitted). The burden is on Denkins to make a showing of extraordinary circumstances that "are both beyond his control and unavoidable even with diligence," and this high hurdle will not be easily surmounted. Howell v. Crosby, 415 F.3d 1250, 1251 (11th Cir. 2005) (quotations and citation omitted); Wade v. Battle, 379 F.3d 1254, 1265 (11th Cir. 2004) (per curiam) (citations omitted). Here, Denkins has not met his burden of showing that equitable tolling is warranted. Because he has not shown a justifiable reason why the dictates of the one-year limitations period should not be applied to him, the Petition is untimely. As such, the Court will dismiss this case with prejudice pursuant to 28 U.S.C. § 2244(d).

### IV. Certificate of Appealability
### Pursuant to 28 U.S.C. § 2253(c)(1)

If Denkins seeks issuance of a certificate of appealability, the undersigned opines that a certificate of appealability is not warranted. The Court should issue a certificate of appealability only if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this substantial showing, Denkins "must demonstrate that reasonable jurists would find the district court's assessment of the

constitutional claims debatable or wrong," <u>Tennard v. Dretke</u>, 542 U.S. 274, 282 (2004) (quoting <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 335–36 (2003) (quoting <u>Barefoot v. Estelle</u>, 463 U.S. 880, 893 n.4 (1983)).

Where a district court has rejected a petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. <u>See</u> <u>Slack</u>, 529 U.S. at 484. However, when the district court has rejected a claim on procedural grounds, the petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." <u>Id.</u> Upon consideration of the record as a whole, the Court will deny a certificate of appealability.

Therefore, it is now

**ORDERED AND ADJUDGED:**

1.      Respondents' request to dismiss (Doc. 5) the case as untimely is **GRANTED**, and this action is **DISMISSED WITH PREJUDICE**.

8

2.    The Clerk of the Court shall enter judgment dismissing this case with prejudice.

3.    If Denkins appeals the dismissal of the case, the Court denies a certificate of appealability. Because the Court has determined that a certificate of appealability is not warranted, the Clerk shall terminate from the pending motions report any motion to proceed on appeal as a pauper that may be filed in this case. Such termination shall serve as a denial of the motion.

4.    The Clerk of the Court is directed to close this case and terminate any pending motions.

**DONE AND ORDERED** at Jacksonville, Florida, this 3rd day of October, 2024.

MARCIA MORALES HOWARD
United States District Judge

Jax-9 10/3
c:    Henry Powell Denkins, #J58352
      Counsel of record